HERMAN VANDEVEER v. THE STATE.

No. 3394.   Decided February 3, 1915.

Rehearing denied March 3, 1915.

**1.—Arson—Sufficiency of the Evidence.**

Where, upon trial of arson, the evidence was sufficient to sustain the conviction, there was no error on that ground.

**2.—Same—Circumstantial Evidence—Charge of Court.**

Where, upon trial of arson, the evidence was not wholly circumstantial, but the conviction also rested upon the admissions of the defendant, there was no error in the court's failure to charge on circumstantial evidence.

**3.—Same—Bills of Exception.**

Where the bills of exception to the exclusion of testimony were so meagre and insufficient under the established rules of this court that they could not be reviewed, there was no reversible error.

**4.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions did not disclose what answer the witness would have given to the questions propounded, the same could not be considered on appeal; besides, there was no error.

Appeal from the District Court of Mason.   Tried below before the Hon. Clarence Martin.

Appeal from a conviction of arson; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. A. Adkins* and *M. Fulton*, for appellant.—On question of circumstantial evidence: Dunlap v. State, 50 Texas Crim. Rep., 504.

On question of admissions of defendant: Kugadt v. State, 38 Texas Crim. Rep., 681.

On question of extrajudicial confessions: Ferguson v. State, 36 Texas Crim. Rep., 60.

*C. C. McDonald*, Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for arson with the lowest penalty assessed.

We think it unnecessary to state the evidence. It was amply sufficient to sustain the verdict.

It is the well settled law of this State that no charge on circumstantial evidence is necessary except when the evidence to establish guilt is purely and wholly circumstantial. Also that where, in addition to cir-

cumstances, the State has introduced the admission of the accused to the effect that he has committed the act which constitutes the crime the case is not one of circumstantial evidence and the court is not required to submit such a charge to the jury. See sec. 813, White's Ann. C. C. P., where some of the cases are collated.

In addition to circumstantial evidence tending to show that appellant set fire to and burned the house with which he is charged in this case, the State proved his admission that he had done so. Hence, the court did not err in not charging on circumstantial evidence as contended for by appellant.

Appellant has some bills of exceptions to what he claims was the exclusion of some proposed testimony. We have considered all these bills. They are so meager and insufficient under all of the established rules that they do not present the questions in such a way that the court can review them. But even if it could, as qualified by the judge, none of them present reversible error.

Stress is laid upon one of them by appellant to the effect that he asked one of the State's witnesses, Mrs. Kiser, in substance, whether or not the appellant in talking to her, when he told her he set fire to the building, she understood or thought he was joking; but the bill does not disclose what her answer would have been. So far as the bill is concerned, we can not tell but that she may have testified that he was not joking. The court qualified it by stating. among other things, that he advised her to state all that was said between her and defendant on the occasion referred to and the way in which the entire conversation occurred and that she did so. At any rate, the bill, as presented, shows no error.

We have deemed it unnecessary to take up each error assigned by appellant and discuss them separately. We have considered them all. No reversible error is presented and the judgment will be affirmed.

*Affirmed.*

[Rehearing denied March 3, 1915.—Reporter.]